## SETTLEMENT AGREEMENT

The parties in the case of *Walker et al v. Wish Wash 2 LLC et al*, Case No. 18-81621 agree to the following settlement:

1. Defendants agree to pay $15,991 for all claims including attorney's fees and costs ("Settlement Amount")
2. All payments shall be delivered to Koz Law, P.A., 320 SE 9th Street, Fort Lauderdale, FL 33316 within 15 days of execution of the settlement agreement.
3. Of the Settlement Amount, $2,974.40 shall be made payable to "Nijai Damone Walker" for which an IRS 1099-MISC form will be issued.
4. Of the Settlement Amount, $4,525.60 shall be made payable to "Eddy Eriberto Navarro" for which an IRS 1099-MISC form will be issued. Any employee tax obligation arising from the payments made to Walker and Navarro are the sole responsibility of Walker and Navarro.
5. Of the Settlement Amount, $8,491.00 shall be made payable to "Koz Law, P.A." for attorney fees and costs for which an IRS 1099-MISC Form will be issued. Koz Law, P.A. will provide a W-9 to Defendants.
6. Plaintiffs, for good and valuable consideration as stated as stated above, knowingly and voluntarily do hereby and on behalf of themselves and his heirs, executors, administrators, successors, attorneys, and assigns (hereinafter "Releasor"), releases, remises, acquits, satisfies and forever discharges DEFENDANTS, and all its respective principals, officers, directors, agents, servants, employees, heirs, personal representatives, successors, and assigns, and all other persons, firms, entities or corporations in any way connected therewith (hereinafter "Released Parties"), of and from any and all claims, suits, debts, torts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, executions, demands, causes of action, damages, judgments or suits at law and/or equity of whatsoever kind or nature, whether due or not, direct or contingent, liquidated or unliquidated, latent or patent, Releasor had or has of any kind as of the execution of this Agreement, including, but not limited to, those facts and claims that are described or alleged, or that could have been described or alleged in that certain civil action pending in the U.S. Southern District Court of Florida, styled, Nijai Damone Walker, Eddy Eriberto Navarro vs. Wish Wash 2, LLC, Nuruddin Mandani, and Khairunissa Mandani, Case No. 18-cv-81621 DMM.

6. The Defendants knowingly and voluntarily release and forever discharge to the full extent permitted by law, the Plaintiffs from any and all claims, known and unknown, asserted and unasserted or that the Defendants have or may have against Plaintiffs as of the date of execution of this Agreement.
7. In the event this settlement must be enforced, the prevailing party shall be entitled to attorney's fees and costs from the non-prevailing party.
8. Defendants do not admit any wrongdoing. It is agreed and understood that this settlement is a compromise of a doubtful and disputed claim and that the payment of the consideration stated above is not to be construed as an admission of liability on behalf of the parties.
9. The individual Defendants and Plaintiffs shall not in the future talk about or communicate to any third party in a malicious, disparaging or defamatory manner regarding each other or make or authorize to be made by any written or oral statement that may disparage the reputation of the other.
10. The parties agree to keep this settlement confidential.
11. Dismissal of Plaintiffs' claims with prejudice shall be conditioned on the Court's retention of jurisdiction to enforce the terms of the parties' settlement.

12. If the settlement agreement is enforced, the prevailing parties shall be entitled to attorney's fees and costs from the non-prevailing parties, including attorney's fees and costs incurred during post-judgment collections.

**EACH PLAINTIFF HEREBY ADVISES THAT HE HAS BEEN GIVEN A REASONABLE PERIOD OF TIME TO REVIEW THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE AND THAT HE HAS CONSULTED WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and General Release as of the date(s) set forth below:

NIJAI DAMONE WALKER

By: _____
    NIJAI DAMONE WALKER

Date: _____

EDDY ERIBERTO NAVARRO

By: _____[signature]_____
    EDDY ERIBERTO NAVARRO

Date: 4/15/2019

KHAIRUNISSA MANDANI

By: _____[signature]_____
    KHAIRUNISSA MANDANI

Date: 4/10/19

WISH WASH 2, LLC

By: _____[signature]_____

Printed Name: Nuruddin Mandani

Title: Manager

Date: 4/10/19

NURUDDIN MANDANI

By: _____[signature]_____
    NURUDDIN MANDANI

Date: 4/10/19

12. If the settlement agreement is enforced, the prevailing parties shall be entitled to attorney's fees and costs from the non-prevailing parties, including attorney's fees and costs incurred during post-judgment collections.

**EACH PLAINTIFF HEREBY ADVISES THAT HE HAS BEEN GIVEN A REASONABLE PERIOD OF TIME TO REVIEW THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE AND THAT HE HAS CONSULTED WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and General Release as of the date(s) set forth below:

NIJAI DAMONE WALKER

By: _____[signature]_____
NIJAI DAMONE WALKER

Date: 4-15-19

EDDY ERIBERTO NAVARRO

By: _____
EDDY ERIBERTO NAVARRO

Date: _____

KHAIRUNISSA MANDANI

By: _____[signature]_____
KHAIRUNISSA MANDANI

Date: 4/10/19

WISH WASH 2, LLC

By: _____[signature]_____

Printed Name: Nuruddin Mandani

Title: Manager

Date: 4/10/19

NURUDDIN MANDANI

By: _____[signature]_____
NURUDDIN MANDANI

Date: 4/10/19