UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 18-81621-CV-MIDDLEBROOKS

NIJAI DAMONE WALKER and EDDY
ERIBERTO NAVARRO,

    Plaintiffs,

v.

WISH WASH 2 LLC, NURUDDIN MANDANI,
And KHAIRUNISSA MANDANI,

    Defendants.
_____/

## **ORDER GRANTING APPROVAL OF SETTLEMENT AND DISMISSING CASE**

THIS MATTER came before the Court upon Plaintiff's Renewed Motion for Approval of Parties' Settlement and Dismissal with Prejudice ("Motion"). (DE 36). Plaintiffs initiated this action on November 27, 2018, alleging violations of the unpaid minimum wages and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). (DE 1). The Parties now advise the Court that they have settled all claims in this action, and move for dismissal.

When a private action is brought under the FLSA and is subsequently settled, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (internal citations omitted). In scrutinizing the settlement for fairness, a court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. While the provisions of the Act are mandatory, the Eleventh Circuit has recognized that there may be bona fide disputes as to FLSA coverage and therefore, a district court may approve a settlement to "promote the policy of encouraging settlement of litigation." *Id.* at 1354.

Having reviewed the Motion and exhibits attached thereto, and the Court being otherwise fully advised in the premises, the Court finds that the Parties' Settlement Agreement ("Settlement Agreement") (DE 34-1) reflects a reasonable compromise over contested litigation to resolve *bona fide* disputes under the Fair Labor Standards Act.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion (DE 36) is **GRANTED**.

2. The Court **APPROVES** the Settlement Agreement attached as Exhibit 1 to DE 34, including the settlement amount for attorney's fees, as a fair, adequate and reasonable settlement of the claims at issue.

3. This action is **DISMISSED WITH PREJUDICE**.

4. The Clerk of Court shall **CLOSE** this case and **DENY** all pending motions as **MOOT**.

5. The Court retains jurisdiction over this action for six months from the date of this order to enforce the terms of the Settlement Agreement.

**SIGNED** in Chambers at West Palm Beach, Florida this 16th day of May, 2019.

Donald M. Middlebrooks
United States District Judge

cc: counsel of record